**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISON**

| | |
|---|---|
| **YAIDA FORD,**<br>c/o FORD LAW PROS, PC<br>1001 L Street, SE<br>Washington, D.C. 20003<br>           **Plaintiff,**<br>     v.<br><br>**DISTRICT OF COLUMBIA,**<br>4058 Minnesota Avenue, NE, Washington, D.C. 20019<br><br>           **Defendant.** | Case No. |

## COMPLAINT

Yaida O. Ford, by and through counsel, brings this civil action against the District of Columbia for actions taken by the Department of Employment Services against her and her company FORD LAW PROS PC and for her complaint states as follows:

## JURISDICTION

1. This Court has subject matter jurisdiction over this action pursuant to D.C. Code § 11-1321.

2. This court has personal jurisdiction pursuant to D.C. Code § 13-423.

3. The venue of this claim is the District of Columbia as the actions that gave rise to the lawsuit occurred within the District of Columbia.

4. Notice was served on the District pursuant to D.C. Code 12-309 on October 13, 2025.

## PARTIES

4. Yaida O. Ford, is a resident of the District of Columbia.

5. Ms. Ford is the owner and managing principal of FORD LAW PROS P.C. a civil rights law firm in the District of Columbia.

6. Defendant District of Columbia is a municipality that has several agencies, including the Department of Employment Services, which operates the Office of Wage-Hour (OWH).

7. The OWH "conducts compliance audits and works to recover unpaid wages for employees who have not been paid pursuant to DC wage laws, either administratively or through court action. Wage-Hour compliance involves ensuring adherence to the wage laws of the District of Columbia by holding employers accountable to the laws."

8. Defendant's program is housed at 4058 Minnesota Avenue, NE, Washington, DC 20019.

9. Plaintiff filed a notice with the Office of Risk Management on January 8, 2026.

## FACTS

1. This case stems from the actions taken by incompetent government employees, including agency general counsel, who levied a fine on Plaintiff FLP without sending any notice of the fine. What is more, the incompetent employees served an "administrative order" on Plaintiffs dated March 12, 2025 on October 28, 2025 purporting to impose a fine of more than $30,000.00. That order was dated March 12, 2025.

2. Plaintiffs seek redress from the Defendant's actions which are based on allegations without verification that they ever occurred and from a process that lacks any due process whatsoever, and is therefore, unlawful.

3. Plaintiff, Yaida O. Ford, is a resident of the District of Columbia.

4. Plaintiff FORD LAW PROS (FLP) is owned and operated by Ms. Ford.

5. FORD LAW PROS has employed more than 30 people in the last 12 years.

6. To Plaintiff's knowledge, FLP has never been out of compliance with any wage or hour law in the District of Columbia or any other jurisdiction.

7. Plaintiff Ford has employed residents of multiple jurisdictions and has worked diligently as a small business owner to comply with the laws of multiple jurisdictions all at once without variation.

8. Plaintiff has aggressively defended baseless actions from the District of Columbia for the last 13 years since she has owned and operated a law firm.

9. This is lawsuit is another action Plaintiffs must take to fend off a baseless and unconstitutional fine levied against Plaintiff by the government to whom they pay taxes.

10. Plaintiff office assistant was served on October 28, 2025 with a notice dated March 12, 2025 indicating that she was facing a maximum fine of $30, 500.00 for failure to provide paid leave benefits to two employees in the year 2022. **Ex. A.**

11. The notice does not contain any specific details about the "employees" from whom paid leave was allegedly withheld.

12. Plaintiff FLP employed five people all W2 employees, none of whom worked a full year.

13. By law, Plaintiff FLP was required to offer not more than 3 days of leave for certain conditions listed under D.C. Code Section 32-531 per employee.

14. For employees who fell ill during any given year, Plaintiff FLP offered more than the 3 days of sick leave it was required to pay under the paid leave law if those employees called out sick.

15. For example, one employee had emergency surgery and was paid 80 hours of leave beyond what the law required.

16. Another took her son on a family vacation to Disney and received 40 hours of leave beyond what the law required and for a purpose not covered by the law specified in the notice received from DOES.

17. Both of those employees were terminated in 2022 for cause, including employee dishonesty.

18. It is believed that one or both of those employees contacted DOES to retaliate against Plaintiffs for terminating their employment.

19. Indeed, the notice indicates that "two" employees were allegedly not paid leave pursuant to DC law.

20. It was not until October 28, 2025, that employees of the District of Columbia caused to be served on Plaintiff an "Administrative Order" that claimed Plaintiffs were served with a notice of audit on August 30, 2024.

21. Plaintiffs were never served with such an audit.

22. Moreover, the notice that was served on October 28, 2025 was dated March 12, 2025 and imposed a fine on Plaintiff FLP.

23. Upon information and belief, Defendant back dated this notice and hurriedly served it because the claim filed against Plaintiff does not fall within the applicable statute of limitations.

24. As per D.C. law, "[a]ll civil or administrative complaints brought under this chapter shall be filed within 3 years of the event or final instance of a series of events on which the complaint is based." D.C. Code §32–531.10a.

25. Both of the terminated employees were terminated in 2022, more than three years before Plaintiffs were served with notice of this claim on October 28, 2025.

26. Defendant has violated the law and due process, by fining Plaintiff FLP without giving it the opportunity to respond to the Notice of Audit.

27. To be sure, Defendant did not ever serve the Notice of Audit on Plaintiffs. Therefore, Plaintiffs had no opportunity to comply.

28. Moreover, Defendant's notice to Plaintiff does not provide enough details about the complaints such that Plaintiff can adequately defend itself.

29. For example, Plaintiff does not know which employees filed such a claim and does not know the relevant pay periods for which they claim they did not receive leave so she cannot search her own records. All employees are required to document leave requests in writing so that there is a paper trail showing that a request was made by the employee and that the employer responded to said requests. If leave requests

are not made in this fashion, they are not granted because they are in violation of Plaintiff FLP's policies.

30. Without any dates upon which the complaint is based, Plaintiff cannot check her records efficiently. That said, she had to contact her payroll provider at an additional expense to request these records.

31. Plaintiff has not been able to obtain those records because, according to ADP, she had a different Employer ID in 2022 and had no employees in 2023.

32. To access the 2022 records, she has to log in under that ID to obtain the relevant payroll records. However, every effort to do that has failed.

33. Plaintiff had to escalate this matter to ADP's legal department to get attention.

34. According to ADP the requested records may not provide her with the level of detail that she needs to identify whether any employees requested leave three years ago.

35. Notwithstanding the aforementioned circumstances, the notices Defendant has served and serves to all employers under audit are *per se* unconstitutional for failure to provide sufficient notice of the complaints such that employers can adequately respond to notices that are issued pursuant to D.C.'s wage and hour laws.

36. Moreover, Defendant's failure to provide proper notice imposes unnecessary burden and expense to small business like Plaintiff who do not have a human resources department to respond to these requests.

37. Plaintiff has to take time away from managing a civil rights law firm and from her court docket and client intake responsibilities to respond to these requests.

38. This has resulted in a loss of business income for Plaintiff FLP.

39. Defendant has also fined Plaintiff FLP under these same circumstances.

40. Defendant's actions are a violation of both substantive and procedural due process.

41. Plaintiff has not violated D.C. wage and hour laws.

42. Defendant's claim against Plaintiff is outside of the applicable statute of limitations.

43. Plaintiffs seek actual damages for the unlawful notice that they received, the costs incurred pursuant to the notice, the costs related to bringing this action and defending any administrative action against Plaintiff FLP, including any future damages Plaintiffs may incur on the and requests declaratory and injunctive relief forthwith.

### COUNT I: VIOLATION OF DUE PROCESS

44. Plaintiff re-alleges and re-incorporates by reference all allegations in paragraphs 1-32.

45. Defendant's notice dated March 12, 2025, which was not received until seven months later violates substantive and procedural due process.

46. Plaintiff never received the prior notice allegedly issued by Defendant dated August 30, 2024 requesting that Plaintiffs respond to an audit

47. Defendant cannot issue an administrative order fining Plaintiffs without fair due process because to do so is a violation of the Fifth Amendment.

48. Moreover, Defendant's "administrative order" issued to Plaintiff does not contain sufficient notice for her to respond to the allegations that she violated wage and hour laws.

49. Defendant's notice also imposes costly and unreasonable burden on Plaintiff.

50. Plaintiff has suffered actual and compensatory damages as a result of Defendant's actions.

51. Lastly, Defendant's notice does not comply with the applicable statute of limitations.

52. Therefore, the District of Columbia's actions are unlawful and unconstitutional.

## COUNT II: DECLARATORY RELIEF

53. Plaintiff re-alleges and re-incorporates by references all allegations in paragraphs 1-48.

54. Defendant's "administrative order" unlawfully imposes a fine on Plaintiffs based on her failure to respond to a notice that she never received.

55. Despite having full knowledge that Plaintiffs did not receive the notice of audit, Defendant has refused to rescind this order.

56. Any law that imposes a fine or penalty on Plaintiffs without affording them procedural due process must be stricken as unconstitutional.

57.  Therefore, Plaintiff asks that the Court declare that the administrative order is unconstitutional and unenforceable as to Plaintiffs.

58. The Court should also declare any such law as unconstitutional.

## COUNT III: INJUNCTIVE RELIEF

59. Plaintiff re-alleges and re-incorporates by references all allegations in paragraphs 1-54.

60. Defendant cannot require Plaintiff to pay any fines because she has not received due process.

61. The Court should enjoin Defendant from taking any further action pursuant to any administrative order until Defendant rescinds said order and complies with both procedural and substantive due process.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

1. FIND that the actions of Defendant as alleged herein, violated Plaintiff's due process rights;

2. Declare that the Defendant is enjoined from taking ANY further action against Plaintiff.

3. ENTER JUDGMENT awarding actual damages, compensatory and punitive damages against Defendant in an amount appropriate to the evidence adduced at trial;

4. ENTER JUDGMENT awarding costs and attorney's fees in this action and grant such relief as this Court may deem necessary and proper.

JURY DEMAND REQUESTED.

Respectfully Submitted,

/s/ **Yaida O. Ford**
_____

Yaida O. Ford, Esq.
FORD LAW PROS P.C.
1001 L Street, SE
Washington, D.C. 20003
Tel: (202) 792-4946
Fax: (202) 827-7881
yford@fordlawpros.com

Case 1:26-cv-00061    Document 1    Filed 01/09/26    Page 10 of 10